IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. MEYER, | ) CASE NO. 1:12 CV 2319 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| CREDIT COLLECTION SERVICES, *et al.*, | ) **AMENDED MEMORANDUM** |
| | ) **OPINION AND ORDER** |
| Defendants. | ) |

## Introduction

Before me[1] in this matter setting forth claims[2] by plaintiff Robert J. Meyer against defendants Credit Collection Services (CCS) and Credit Collection Services, Inc. (CCSI) under the Fair Debt Collection Practices Act (FDCPA)[3] is a motion by CCS[4] to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted.[5] Meyer has responded in opposition,[6] to which

---

[1] The parties have consented to my exercise of jurisdiction and so United States District Judge James S, Gwin has ordered the matter transferred to me for further proceedings. ECF # 18.

[2] ECF # 1, Ex. B.

[3] 15 U.S.C. § 1692a *et seq*.

[4] CCSI has previously been dismissed. ECF # 9.

[5] ECF # 4.

[6] ECF # 6.

the defendants have replied.[7] For the reasons that follow, the motion to dismiss will be granted as to the federal claims, and the claims arising under Ohio law will be remanded to state court.

## Facts

**A.     Background facts**

The background facts are not complex and not disputed.

Meyer was involved in an automobile accident on January 24, 2012, while driving a vehicle owned and insured by North Pointe, under a policy maintained by his mother's employer.[8] Meyer himself had insurance with Allstate.[9]

On the night of the accident, Meyer, who was cited as being at fault, provided police with his valid "proof of insurance" information listing Allstate as the insurer responsible.[10] He later presented the same information to the Ohio court when he pled no contest in response to the citation.[11]

After this, Allstate denied coverage, notifying Farmers Insurance – the insurer of the crash victim – that, because Meyer did not own the vehicle involved, the accident was not

---

[7] ECF # 8.

[8] *See*, ECF # 6 at 3-4 (citing exhibits).

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

within the scope of coverage.[12] As a result, North Pointe eventually paid or otherwise resolved the claim with Farmers.[13]

But, about one month later, CCS contacted Meyer alleging that Meyer owed Farmers for the amount Farmers paid on the crash victim's claim.[14] Despite a response from Meyer denying liability on the basis that the claim had been resolved, CCS then caused the Ohio Bureau of Motor Vehicles to have Meyer's drivers license suspended until Meyer satisfied the claim.[15] That suspension was later removed.[16]

**B.     The present action**

In this case, originally filed in state court and then removed, Meyer raises seven causes of action against CCS. Count one asserts that Meyer was damaged by the suspension of his license initiated by the defendants.[17] Counts two through five contend that the defendants violated the federal FDCPA by taking the actions described above.[18] Count six

---

[12] ECF # 4 at 3.

[13] ECF # 6 at 5.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] ECF # 1, Ex. 2 at ¶¶ 6-26.

[18] *Id.* at ¶¶ 27-50.

asks for actual damages under the terms of the FDCPA, and count seven seeks punitive damages, although without citing the statute as a basis for such an award.[19]

CCS has answered the complaint.[20]

**C.  Motion to dismiss**

CCS filed the present motion to dismiss contending that the collection activities involved here are not covered under the FDCPA.[21] Specifically, CCS maintains that the FDCPA applies only to debts arising out of consensual transactions where the parties contract for a consumer good or service.[22] Thus, CCS argues, because Meyer's case relates to collection of a subrogated tort claim, his claims do not involve a debt as defined by the FDCPA and so they must fail as a matter of law.[23]

In addition, the defendants assert, as to count one, that there is no private right of action in Ohio for an allegedly wrongful license suspension and that a negligence claim in that regard must fail for lack of any recognized duty that was breached.[24] The defendants claim that because Ohio law does not provide for punitive damages without malice, fraud,

---

[19] *Id.* at ¶¶ 51-59.

[20] ECF # 12.

[21] ECF # 4, Ex. 1 at 6.

[22] *Id.* (citations omitted).

[23] *Id.* at 7 (citation omitted).

[24] *Id.* at 7-10 (citations omitted).

oppression or insult, and that no such claims are alleged here, the demand for punitive damages must be dismissed.[25]

As noted above, Meyer has responded in opposition to the motion,[26] to which CCS has replied,[27] as well as filed a notice of additional authority.[28]

## Analysis

**A.     Standards of review**

*1.     Rule 12(b)(6)*

In adjudicating a motion to dismiss for failure to state a claim upon which relief may be granted the court is required to "accept all well-pleaded allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."[29] Although the complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[30] Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as

---

[25] *Id.* at 10 (citation omitted).

[26] ECF # 6.

[27] ECF # 8.

[28] ECF # 13.

[29] *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007).

[30] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

true, to state a claim to relief that is plausible on its face."[31] In that regard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32]

## 2. *Retaining jurisdiction over state law claims*

As re-stated by the Sixth Circuit in *Gamel v. City of Cincinnati*,[33] the doctrine of supplemental jurisdiction as codified by 28 U.S.C. § 1367 "grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same claim or controversy.'"[34] In determining whether to retain jurisdiction over state-law claims after claims arising under a court's original jurisdiction have been dismissed, "a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"[35] But "[w]hen all the federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."[36]

---

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[32] *Id*.

[33] *Gamel v. City of Cincinnati*, 625 F.3d 949 (6th Cir. 2010).

[34] *Id*. at 951 (quoting 28 U.S.C. § 1367).

[35] *Id*. (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

[36] *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (citing *Carnegie-Mellon*, 484 U.S. at 350 n.7).

### 3. Scope of FDCPA

To maintain an action under the FDCPA, the Sixth Circuit clearly teaches that the debt at issue must arise out of a consumer transaction involving primarily personal, family, or household purposes.[37] In that regard, circuit courts that have addressed the issue have concluded that an obligation arising from a court judgment on a tort claim is not a "consumer" debt which is subject to the FDCPA.[38]

In particular, Judge Boyko recent analysis in *Taylor v. Javitch, Block & Rathbone*[39] is instructive. Specifically, *Taylor* found that where an action is founded on an insured's claim for reimbursement against his own insurer, such an action would be covered under the FDCPA because it concerned a "debt" that arose out of the insured's contract for personal and family insurance.[40] But, where "the debt obligation arose from [the plaintiff's] own tortious acts," and not out of any contract between the plaintiff and defendant, "the debt at issue is not a 'debt' as defined by the FDCPA and plaintiff's FDCPA claims fail as a matter of law."[41]

---

[37] *Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

[38] *See*, *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371-72 (11th Cir. 1998).

[39] *Taylor v. Javitch, Block & Rathbone*, No. 1:12 CV 708, 2012 WL 2375494 (N.D. Ohio, June 22, 2012).

[40] *Id.*, at *4 (citing *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002)).

[41] *Id.*

**B. Application of standards – the claims premised on purported violations of the FDCPA will be dismissed as they fail to state a claim upon which relief may be granted, and the claim founded on an alleged violation of Ohio law will be remanded to the Ohio court where it was originally filed.**

As to the claims asserting a violation of the FDCPA, I find, in accordance with the reasoning in *Taylor*, that they arise out of the activities of the crash victim's insurer to recover for Meyer's tortious act, and not by reason of any contract by Meyer with Farmers for his personal insurance. As such, the debt here – and any actions taken to collect it – are beyond the scope of the FDCPA and so state no claim for recovery under that statute.

In addition, any allegations that the defendants here breached Ohio law by improperly causing Meyer's license to be suspended are more properly adjudicated in an Ohio court inasmuch as this matter was originally filed there and now stands alone after the dismissal of the federal statutory claims.

## Conclusion

Based on the foregoing, CCS's motion to dismiss for failure to state a claim is granted, and the claims arising under Ohio law are remanded to state court under 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.


Dated: January 7, 2013                                  s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge